LUCY A. BAYLEY *vs.* HARUM MERRILL.

The lien of a boarding-house keeper, under Gen. Sts. *c.* 151, § 29, upon property of a boarde brought by him to the boarding-house is not terminated by a sale of the property in good faith to a third person, without the knowledge of the boarding-house keeper, and is valid and effectual for board furnished after the sale, under the original contract for board, until notice of the sale is given or the property is removed.

TORT against a constable for the conversion of certain furniture, attached by him on a writ against Charles M. Horton and wife. At the trial in the superior court, upon facts which are sufficiently stated in the opinion, *Lord,* J. ruled that the plaintiff had a lien upon the furniture, which still subsisted notwithstanding a conveyance which was proved from Charles M. Horton to a person who reconveyed the same to Horton's wife; and a verdict was accordingly returned for the plaintiff. The defendant alleged exceptions.

*M. Dyer, Jr.,* for the defendant.

*A. O. Allen,* for the plaintiff.

HOAR, J. The exceptions raise the question of the construction to be given to Gen. Sts. *c.* 151, § 29, which is as follows : " Boarding-house keepers shall have a lien upon the baggage and effects brought to their houses belonging to their guests or boarders, except mariners, for all proper charges due for fare and board." We are of opinion that the ruling of the judge who tried the case was right; and that the plaintiff had a lien upon the property which the defendant took and carried away The plaintiff was a boarding-house keeper. The property was brought to her house by a boarder to whom it belonged. He continued to board with her, not making any new contract for board, until the defendant took the property, and then owed her for his board. The defendant relies on the fact that, in the mean time, the boarder had sold the property, and had paid for his board in full up to the time of the sale. But the plaintiff had no notice of the sale ; and we think that, within the meaning of the statute, she had a right to continue to furnish board, on the security of the lien, until such notice was given, if the

property remained in the house. Otherwise, a boarder who had obtained credit on the strength of the lien which the law gave upon his property, might deprive the boarding-house keeper of the security by an immediate sale. The statute creates the pledge of the property, when the owner brings it, for whatever may be due while he stays.

This construction of the statute makes it unnecessary to decide whether the transfer of the property from the husband to the wife was fraudulent, or whether it was subject to any new lien for the board of the wife. Even if it were made in entire good faith we think the plaintiff entitled to maintain her action.

*Exceptions overruled.*